# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 02-11046
(Summary Calender)

_____

MANASSEH ADRIEL PHILIP,

Petitioner-Appellant,

versus

ANNE M. ESTRADA, DISTRICT DIRECTOR,
United States Immigration and Naturalization Service;
JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:98-CV-987-P

_____

March 19, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Manasseh Adriel Philip appeals the district court's denial of his motion to reopen 28 U.S.C.

§ 2241 proceedings. The district court construed Philip's *pro se* motion, which was filed more than

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

two years after entry of the judgment that denied § 2241 relief, as arising under FED. R. CIV. P. 60(b).

We review a decision on a FED. R. CIV. P. 60(b) motion for an abuse of discretion. *Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002). Philip contends that he is entitled to relief under the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289, 326 (2001), which held that discretionary relief from deportation under § 212(c) of the Immigration and Nationality Act "remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." Philip is correct that, under *St. Cyr*, he was entitled to *apply* for discretionary relief. The record, however, reveals that Philip's application for discretionary relief was, in fact, considered by the immigration judge, who denied the request on the merits. The immigration judge concluded that Philip had fallen "woefully short of meeting the required burden" for discretionary relief because he had abused, and failed to economically support, his family; continued to deny responsibility for his actions; and failed to demonstrate rehabilitation. None of the evidence of subsequent rehabilitation now cited by Philip was before the immigration judge or the Board of Immigration Appeals. Thus, *St. Cyr* does not entitle Philip to anything he has not already received.

Philip's remaining arguments are conclusory and without merit. Because Philip has not shown that the district court abused its discretion in denying FED. R. CIV. P. 60(b) relief, the judgment of the district court is AFFIRMED.